UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  1:20-cv-21827-DPG

SUN CUISINE, LLC d/b/a
ZEST RESTAURANT AND MARKET,
a Florida limited liability company
on behalf of itself and all
others similarly situated,

      Plaintiff,

v.

CERTAIN UNDERWRITERS AT LLOYD'S
LONDON Subscribing to Contract Number
B0429BA1900350 Under Collective
Certificate Endorsement 350OR100802,

      Defendants.
_____/

## MOTION FOR COORDINATION OF RELATED ACTIONS

Plaintiff Sun Cuisine, LLC d/b/a Zest Restaurant and Market ("Sun Cuisine"), through undersigned counsel, hereby moves this Court to coordinate this action with other related actions, such that they may proceed in front of a single jurist. In support, Plaintiff states as follows:

1.    The instant action is one of several similar actions currently pending in the Southern District of Florida involving the Lloyd's of London group of insurers and asserting insurance coverage for business losses and expenses related to the COVID-19 pandemic.  The undersigned counsel for Sun Cuisine also represents the plaintiff-insureds in *El Novillo Restaurant v. Certain Underwriters at Lloyd's, London*, No. 1:20-cv-21525-UU (S.D. Fla.).

2.    The Judicial Panel on Multidistrict Litigation recently denied petitions to transfer and consolidate more than a dozen Lloyd's-related actions pending in several district courts across the country. *See In re: Certain Underwriters at Lloyd's, London, Covid-19 Bus. Interruption Prot. Ins. Litig.*, MDL No. 2961 (J.P.M.L. Oct. 2, 2020).

3.    One reason for the Panel's denial of nationwide consolidation was that "alternatives to centralization are available to minimize any duplication in pretrial proceedings, including informal cooperation and coordination among the parties and courts."  The Panel also specifically

noted "that some similar actions are pending in the same district before multiple judges, and it may be appropriate for the courts and the parties to relate those before one judge." *See id.*

4. Sun Cuisine agrees with the Panel's recommendation, particularly as it concerns the Southern District of Florida, which has the greatest number of Lloyd's actions of any district court in the country. Indeed, the undersigned counsel expects several more Lloyd's actions to be filed in or transferred to the Southern District in the coming weeks.

5. Sun Cuisine therefore respectfully submits that coordinating the Lloyd's actions currently pending in the Southern District of Florida before a single judge would promote efficiency and judicial economy.[1] Moreover, as the Panel noted, "[t]his litigation demands efficiency," among other things because "[m]any plaintiffs are on the brink of bankruptcy[.]" *See id.*

6. Specifically, and consistent with the Panel's instruction, coordinating the cases in this manner will minimize redundant pretrial proceedings, reduce duplicative discovery, and promote the efficient resolution of these cases. Such coordination is particularly important because of the high likelihood of additional Lloyd's actions being filed in this District in the coming weeks. The undersigned counsel has conferred with plaintiffs' counsel in other pending Lloyd's actions regarding potential coordination and is prepared to assist in an efficient coordination of these actions.

7. Sun Cuisine specifically submits that the Lloyd's actions pending in the Southern District should be transferred to Judge Gayles or Judge Ungaro. Judge Gayles and Judge Ungaro are presiding over some of the first-filed Lloyd's actions pending in the Southern District.

8. Moreover, on October 14, 2020, Judge Gayles held status conferences in this case and *Atma Beauty, Inc. v. HDI Global Specialty SE*, No. 1:20-cv-21745 (SD. Fla.). These were the second status conferences in each of these two actions, both of which are now fully briefed at the motion to dismiss stage. During the status conferences, Judge Gayles indicated that if the Lloyd's actions pending in the Southern District were related and coordinated before a single judge consistent with the Court's procedures, he would be amenable to overseeing that coordinated

---

[1] Counsel for Sun Cuisine has conferred extensively with counsel for the Defendants regarding the relief sought in the instant motion and Defendants have indicated that they do not necessarily oppose the relief sought in this motion. Nevertheless, because the parties did not reach final agreement as to the specific language of the motion, Plaintiff does not file the instant motion as a joint or unopposed motion.

litigation.

WHEREFORE, Plaintiff respectfully requests that Judge Ungaro and Judge Gayles coordinate the Lloyd's actions pending in this District, consistent with court practice and judicial preference, in order that the actions proceed in front of a single jurist.

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record and any other electronic filer as of the time of the filing.

Respectfully submitted,

Dated: October 20, 2020

**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800

By: /s/ *Harley S. Tropin*
Harley S. Tropin, Esq.
Florida Bar No. 241253
hst@kttlaw.com
Benjamin Widlanski, Esq.
Florida Bar No. 1010644
bwidlanski@kttlaw.com
Gail A. McQuilkin, Esq.
Florida Bar No. 969338
gam@kttlaw.com
Rachel Sullivan, Esq.
Florida Bar No. 815640
rs@kttlaw.com
Robert Neary, Esq.
Florida Bar No. 81712
rn@kttlaw.com

*Counsel for Plaintiff*